UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID SARRUF,<br><br>        Plaintiff,<br><br>vs.<br><br>LILLY LONG TERM DISABILITY PLAN & LILLY LIFE INSURANCE PLAN,<br><br>        Defendants. | Case No. 2:24-CV-00461-JCC<br><br>**PLAINTIFF'S STIPULATED MOTION FOR LEAVE TO FILE RESPONSE BRIEF UNDER SEAL AND [PROPOSED] ORDER** |

**I.    INTRODUCTION**

Plaintiff David Sarruf, by and through undersigned counsel, respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Civil Rule 5(g), for leave to file a redacted version of his Response Brief in Opposition to Defendant's Motion for Summary Judgment on the public docket and an unredacted version under seal, on the grounds that it contains extensive citation to the sealed Administrative Record, which contains confidential medical information protected from public disclosure.

**II.    BACKGROUND AND ARGUMENT**

This is an action for long term disability benefits arising under the Employee Retirement Income Security Act (29 U.S.C. § 1132(a)(1)(B)). The Administrative record in this case contains extensive medical records and documents related to Sarruf's medical condition and treatment. On April 11, 2025, the Court granted the Parties' Stipulated Motion to file the Administrative Record under seal. Docket No. 44. The parties filed simultaneous cross-motions for summary judgment on April 22, 2025. Concurrently with their motion, Defendants filed a motion for leave to file their summary judgment brief under seal, which the Court granted. Docket No. 48. The parties now file

1

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

their responsive briefs; and Plaintiff seeks leave to file his brief under seal, with a redacted version available on the public docket, to maintain confidentiality of his medical records, which are cited extensively in his brief.

While there is a general presumption of public access to court records, this presumption can be overcome upon a showing that "compelling reasons" exist such that sealing is warranted. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Courts in the Ninth Circuit recognize that "[t]he need to protect medical privacy qualifies in general as a 'compelling reason.'" *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (granting motion to seal medical records in case challenging the denial of long term disability benefits); *S.L. by & through J.L. v. Cross*, 675 F. Supp. 3d 1138, 1147 (W.D. Wash. 2023) (granting motion to seal the administrative record in an ERISA case challenging the denial of residential treatment); *G. v. Hawai'i*, No. CIV. 08-00551, 2010 WL 2607483, at *1 (D. Haw. June 25, 2010) (sealing deposition testimony under the "compelling reasons" standard because they contained information about the plaintiffs' medical conditions and treatment); *Lombardi v. TriWest Healthcare Alliance Corp.,* CV 08–02381, 2009 WL 1212170, *1 (D.Ariz. May 4, 2009) (allowing the defendant to file exhibits under seal where they contained "sensitive personal and medical information").

In the present case, the response brief refers to and quotes from Sarruf's medical records that are confidential and protected under federal law, including the Health Insurance Portability and Accountability Act (HIPAA). Pursuant to Local Civil Rule 5(g)(5)(A)-(B), a redacted version of the response brief will be filed publicly, with only those portions referencing confidential medical information omitted. Allowing Sarruf to file simultaneous sealed and redacted briefs will serve the interests of justice by ensuring that Sarruf's privacy is maintained while still allowing the public to ascertain the nature and most details of the Parties' dispute.

### III.    CERTIFICATION PURSUANT TO LCR 5(g)(3)(A).

The undersigned conferred with counsel for Defendants, Kara P. Wheatley, via e-mail on May 15 and 16, 2025 regarding the need to file Plaintiff's response brief under seal. The Parties

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525

2
PLAINTIFF'S STIPULATED MOTION FOR LEAVE TO FILE
RESPONSE BRIEF UNDER SEAL

agree that sealing is appropriate and necessary to protect Plaintiff's confidential medical information contained therein.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion for leave to file his Response Brief under seal.

Dated: May 16, 2025                                Respectfully submitted,

By:    */s/ Stacy Monahan Tucker*
Stacy Monahan Tucker
MONAHAN TUCKER LAW
14241 Woodinville-Duvall Rd.
Woodinville, WA 98072
Email: smtucker@mtlawpc.com
Tel: 844-503-5301
Fax: 206-800-7801

*/s/ Glenn R. Kantor*
Glenn R. Kantor (*admitted pro hac vice*)
Attorney for Plaintiff
DAVID SARRUF
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, CA  91324
E-mail: gkantor@kantorlaw.net
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

**[~~PROPOSED~~] ORDER**

THIS MATTER having come before the Court upon PLAINTIFF'S STIPULATED MOTION FOR LEAVE TO FILE RESPONSE BRIEF UNDER SEAL, and the Court having considered the motion and all relevant materials, and finding good cause shown, hereby ORDERS:

1. Plaintiff's Stipulated Motion (**Dkt. No. 51**) for Leave to Response Brief under Seal (**Dkt. No. 52**) is GRANTED.

2. Plaintiff is authorized to file his Response Brief under seal in its entirety, without redaction, and in redacted form on the public docket.

3. Plaintiff's Response Brief shall remain under seal unless otherwise ordered by the Court.

**IT IS SO ORDERED** this 19th day of May 2025.

*/s/ John C. Coughenour*
_____
THE HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT COURT JUDGE

KANTOR & KANTOR LLP
9301 Corbin Ave., Ste. 1400
Northridge, California 91324
(818) 886 2525