THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID SARRUF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LILLY LONG TERM DISABILITY PLAN and LILLY LIFE INSURANCE PLAN,<br><br>　　　　Defendants. | CASE NO. C24-0461-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff David Sarruf's and Defendants Lilly Long Term Disability Plan's and Lilly Life Insurance Plan's cross-motions for summary judgment. (Dkt. Nos. 45, 46.) Having thoroughly considered the briefing and record, and finding oral argument unnecessary,[1] the Court GRANTS in part and DENIES in part each motion for the reasons explained below.

I.   BACKGROUND

The cross-motions follow Mr. Sarruf's complaint (Dkt. No. 1) seeking a determination that he is entitled to long-term disability ("LTD") and life insurance waiver of premium ("LWOP") benefits under the terms of the Lilly Long Term Disability Plan (the "LTD Plan") and

---

[1] Oral argument is unnecessary because each party has had a full opportunity to brief issues presented in their motions. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir. 1998).

ORDER
C24-0461-JCC
PAGE - 1

Lilly Life Insurance Plan, pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). (*See generally* Dkt. Nos. 45, 46.) According to the administrative record before the Court, (Dkt. Nos. 43, 43-1), Plaintiff ceased working for Eli Lilly and Company after developing post-COVID viral syndrome, *i.e.*, long COVID, beginning in March 2020. (Dkt. No. 43-1 at 344, 1908.) Shortly thereafter, Plaintiff applied for LTD benefits. (Dkt. No. 43 at 578.) The LTD Plan administrator denied Plaintiff's benefit claim, citing (a) insufficient medical support and (b) Plaintiff's failure to follow a prescribed course of treatment, as required by the LTD Plan. (*Id.* at 193–225, 276–77.) Plaintiff then retained counsel and attempted to appeal this decision. (*See, e.g.*, *id.* at 675.)

As a threshold matter, the Court notes significant confusion amongst all parties as to the cut-off date for the internal appeal of the LTD Plan administrator's benefits denial. For example, the administrator's denial letter stated, in part, that "[y]ou have 240 days after the declared end of the current national emergency to appeal the determination," referring to the COVID-19 federal public health emergency. (*Id.* at 277.) But a few months later, the LTD Plan incorporated COVID-19 tolling relief, pausing the appeal deadline "until the earlier of (a) one year from the date the individual was first eligible for relief, or (b) 60 days after the announced end of the national emergency." (*Id.* at 142, 196.) Based on this, according to Defendants' briefing in this matter, Plaintiff's appeal deadline was April 26, 2022. (*See, e.g.*, Dkt. Nos. 46 at 21, 22; 53 at 14.)

Just prior to this date, Plaintiff's counsel sent a letter to the LTD Plan administrator (a) notifying them of Plaintiff's intent[2] to appeal the denial of LTD and LWOP benefits, (b) requesting confirmation of the appeal deadline, and (c) seeking copies of Plaintiff's claim files (so as to fully support the anticipated appeal). (Dkt. No. 43 at 675–79.) Following further clarification requests from Plaintiff's counsel, Defendants' representative eventually responded

---

[2] Plaintiff contends the notice represents an appeal in and of itself. (Dkt. No. 58 at 9.) For the reasons described below, the Court need not reach this issue.

ORDER
C24-0461-JCC
PAGE - 2

by e-mail, identifying the appeal deadline as February 4, 2024. (Dkt. Nos. 43-1 at 1340–41, 1 at 5.) Based on this advice, Plaintiff's counsel submitted the appeal two days prior—on February 2, 2024. (Dkt. No. 43 at 806–50, 851.) The LTD Plan administrator denied the appeal shortly thereafter, citing as its sole basis untimeliness (without any explanation as to *why* it was untimely or *what* the deadline was). (Dkt. No. 43-1 at 1918.)

Having purportedly exhausted his administrative remedies, Plaintiff now seeks a judicial finding that he was wrongfully denied benefits. (*See generally* Dkt. No. 1.) The parties cross-move for summary judgment on Plaintiff's resulting claims. (*See generally* Dkt. Nos. 45, 46.)

## II.     DISCUSSION

### A.     Legal Standard

In an ERISA case, a motion for summary judgment is "the conduit to bring [the] legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999). In reviewing the administrative record for a plan administrator's denial decision, courts generally apply a *de novo* standard of review "unless the plan provides to the contrary." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Namely, if the plan grants the administrator "discretionary authority to determine eligibility for benefits," the administrator's decision is reviewed for an abuse of discretion. *Id*. Here, the parties debate which standard should apply. (*Compare* Dkt. No. 45 at 11–12, *with* Dkt. No. 46 at 17–19.) However, this is not an issue yet ripe for consideration. This is because, as described below, the Court will remand the matter to the LTD plan administrator for review based on the full record, including the now-available post-denial medical information and literature involving long COVID.

### B.     Defendants are Estopped from Arguing Untimeliness

In seeking summary judgment (and in attempting to defeat Plaintiff's cross-motion), Defendants rely on the notion that the appeal cut-off was, in fact, April 26, 2022. (Dkt. Nos. 46 at 8–9, 53 at 16–17.) According to Defendants, Plaintiff's reliance on a later deadline, provided over e-mail by Defendants' agent, is unreasonable and lacks legal effect. (*Id.*) Thus, any resulting

claims before this Court are precluded by the plan's suit limitation provision. (*Id.*) In response, Plaintiff contends (amongst other arguments) that Defendants' position is barred by estoppel. (Dkt. No. 53 at 16–23.) The Court agrees.

A plan administrator "will be estopped from setting up a statute-of-limitations defense when its own prior representation or conduct have caused a plaintiff to run afoul of the statute and it is equitable to hold the defendant responsible for that result." *LaMantia v. Voluntary Plan Adm'rs, Inc.,* 401 F.3d 1114, 1119 (9th Cir. 2005). Estoppel may also apply against a party asserting a contractual limitations defense. *Id*. For equitable estoppel to apply, the following elements must be met: "1) the party to be estopped must be apprised of the facts; 2) the other party must be ignorant of the true facts, and the party to be estopped must have acted so that the other party had a right to believe that the party intended its conduct to be acted upon; and 3) the other party relied on the conduct to its prejudice." *Id*.

Here, Defendants engaged in conduct which reasonably led Plaintiff to believe the appeal deadline was, in fact, February 4, 2024. This includes the Plan administrator's denial letter itself. It informed Plaintiff that he had "240 days after the declared end date of the current national emergency to appeal his benefit determination." (Dkt. No. 43 at 277.) This turned out not to be true.[3] Plaintiff's counsel then sent multiple requests for clarification, in light of evolving federal guidance. (*Id*. at 675, 708, 760.) Those requests went unanswered for months. (*Id.*) Eventually, in May 2023, Defendants advised counsel via e-mail of the February 4, 2024, deadline. (Dkt. No. 43-1 at 1340–4.) Defendants have since admitted this was "erroneous." (Dkt. No. 46 at 21.) But they contend the Court should disregard this error (along with others). The Court declines to do so. Defendant's erroneous representation, in light of the varying deadlines resulting from the evolving COVID-19 national emergency, created significant confusion and resulted in Plaintiff's

---

[3] Unbeknownst to Plaintiff, the LTD Plan was later amended to adopt the federal COVID-19 tolling relief, pausing the appeal deadline "until the earlier of (a) one year from the date the individual was first eligible for relief, or (b) 60 days after the announced end of the national emergency." (Dkt. No. 43 at 142, 196.)

reasonable and detrimental reliance. For this reason, estoppel is warranted.

Defendants suggest that a contractual limitations period must be ambiguous for equitable estoppel to apply. (*Id*. at 21.) However, that requirement arises only in a narrow category of ERISA cases—specifically, those in which plaintiffs seek to *expand or enhance benefits* beyond the terms of the plan. *See Greany v. W. Farm Bureau Life Ins. Co.*, 973 F.2d 812, 822 (9th Cir. 1992) (seeking an additional month of health insurance coverage); *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 959 (9th Cir. 2014) (seeking increased pension benefits); *Renfro v. Funky Door Long Term Disability Plan*, 686 F.3d 1044, 1054 (9th Cir. 2012) (seeking unreduced long term disability benefits). By contrast, this case involves equitable estoppel based on representations affecting the *timeliness* of an ERISA appeal—a distinct context in which courts do not impose heightened ambiguity or reliance standards but instead apply traditional estoppel principles. *See LaMantia,* 401 F.3d at 1119.

Thus, Defendants are estopped from invoking the LTD Plan's contractual limitations period because their own misrepresentations caused Plaintiff to reasonably and detrimentally rely on a later deadline. (Dkt. Nos. 43 at 806-50, 43-1 at 1340–4.) This reliance led to what Plaintiff believed to be the timely submission of his appeal, and equitable estoppel applies to prevent this type of injustice. *See LaMantia*, 401 F.3d at 1119.

Further, because the appeal denial was based on Defendants' admitted error as to the deadline, (Dkt. No. 46 at 21), Plaintiff is entitled to a full review by the LTD Plan administrator of the post-denial administrative record*. See Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455, 456, 461 (9th Cir. 2016). This is particularly true here, where long COVID was not as well understood at the time of the denial (in October 2020). (*See* Dkt. No. 43 at 276–77, 806–910) (portion of post-denial record containing long COVID medical records and literature). Thus, a remand is particularly appropriate in this instance.

**C.     Remedies**

    1.   Remand

In arguing against remand, Plaintiff asserts that such a result would allow Defendants to have their cake and eat it too. (Dkt. No. 58 at 11.) Rather, says Plaintiff, based on Defendant's breach of its fiduciary duty, (*see, e.g.*, *id.* at 13), only *de novo* review in this Court followed by a full benefit award will do. (Dkt. No. 45 at 12, 16.) However, this is not the appropriate remedy here. While substantial, Defendants' error is, in fact, procedural. *See Saffle*, 85 F.3d at 456, 461 (9th Cir. 2016).[4] And an award of benefits is not appropriate when the record before a court does not clearly establish that the plaintiff should have been awarded them. *Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 907 (9th Cir. 2016).

Like in *Saffle,* Defendants here committed error by denying Plaintiff's LTD benefits appeal for untimeliness. (Dkt. No. 43-1 at 1918.) The LTD Plan administrator provided Plaintiff with three different deadlines for his LTD benefits appeal: "240 days after the declared end date of the current national emergency," "one year from the date the individual was first eligible for relief," and "60 days after the announced end of the national emergency." (Dkt. Nos. 43 at 142, 196, 277.) When Plaintiff asked for clarity, Defendants responded with an incorrect deadline. (Dkt. No. 43-1 at 1340–4.) This is, ultimately, a procedural error that justifies remand. *See Saffle,* 85 F.3d at 461, 465.

This is not only appropriate but preferred in an instance like this, where the administrator never reviewed the full record. *Hoffman v. Screen Actors Guild-Producers Pension Plan*, 571 F. App'x 588, 590–91 (9th Cir. 2014). And this Court, like all courts, is ill-equipped to make medically-based benefits determinations—especially where the record does not clearly establish

---

[4] In *Saffle*, for instance, the plan administrator erroneously factored "accommodation" into the criteria for total disability for purposes of disability benefits. 85 F.3d at 460. Unlike cases in which an ERISA plan administrator abuses its discretion—such as by issuing a decision without explanation or relying on clearly erroneous findings of fact—the administrator had not had the opportunity to apply the properly construed LTD Plan to the plaintiff's benefits application. *Id.* Thus, the court remanded to the plan administrator for reevaluation of the claim's merits. *Id.* at 461.

that an award of benefits is warranted. *Id.*; *see Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir.1990) ("Common sense can mislead; lay intuitions about medical phenomena are often wrong.").

Additionally, the LTD Plan administrator denied Plaintiff's initial application for LTD benefits based on a lack of sufficient medical evidence supporting disability and Plaintiff's failure to comply with his prescribed treatment plan. (Dkt. No. 43 at 193–225, 276–77.) The post-claim denial record includes new medical evaluations by multiple physicians, additional medical records, vocational assessments, literature on the impacts of long COVID, and other relevant documentation. (Dkt. No. 43 at 806–50.) Because the pre-denial administrative record did not support an award of LTD benefits, the LTD Plan administrator must be given the opportunity to assess the claim in light of the evidence in the post-denial administrative record. (*Id.* at 276–77.) *Hoffman*, 571 F. App'x at 590–91.

For all these reasons, the Court FINDS that remand is warranted in this instance.

        2.   <u>Attorney Fees</u>

The Court "in its discretion" may award attorney fees and costs "to either party" so long as that party achieves "some degree of success." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244 (2010). Under 29 U.S.C. § 1132(g)(1), an ERISA litigant need not be the "prevailing party" to receive such an award. *See Hardt*, 560 U.S. at 251–55. Here, Plaintiff's appeal was inappropriately denied as untimely, despite an appeal submission compliant with the deadline provided by the LTD Plan administrator. (*See* Dkt. Nos. 1 at 5, 43-1 at 1340–41, 1918, 46 at 21.) Thus, the Court FINDS that attorney fees in challenging this denial shall be awarded to Plaintiff.

### III.   CONCLUSION

The parties' motions (Dkt. Nos. 45, 46) are GRANTED in part and DENIED in part as described above. Namely, the Court REMANDS Plaintiff's LTD and LWOP benefits claim to the LTD Plan administrator for reevaluation based on the full administrative record. Further, Plaintiff is awarded reasonable attorney fees. Plaintiff is DIRECTED to provide the Court with

an accounting of those fees within 30 days of this order.[5]

DATED this 3rd day of July 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] Following Plaintiff's accounting, Defendants may file a brief in opposition within 14 days. This brief may not exceed 8 pages of argument (excluding captions, certificates of service, and supporting declarations and exhibits) as to the reasonableness of the fees claimed. Plaintiff's reply, if any, shall not exceed 4 pages of argument and is due within 7 days of Defendant's opposition.