THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID SARRUF, | CASE NO. C24-0461-JCC |
| Plaintiff, | ORDER |
| v. | |
| LILLY LONG TERM DISABILITY PLAN and LILLY LIFE INSURANCE PLAN, | |
| Defendants. | |

On July 3, 2025, the Court partly granted Plaintiff's motion for summary judgment and remanded his Employee Retirement Income Security Act benefit claim to the plan administrator for reevaluation. (Dkt. Nos. 60, 61.) In so doing, the Court awarded Plaintiff reasonable attorney fees pursuant to 29 U.S.C. § 1132(g). (*See* Dkt. No. 60 at 7–8.) It then sought an accounting of those fees and any argument in opposition. (*Id.*) Those submissions (Dkt. Nos. 68, 70, 74) are complete and raise a number of issues. (*See id.*) Each are addressed in turn below.[1]

As a preliminary matter, Defendants argue that Plaintiff has not and cannot show that a fee award is warranted at all, at least based on the Ninth Circuit's traditional factors. (*See* Dkt. No. 71 at 3–4) (citing *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010); *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Those factors,

---

[1] The Court DENIES Defendants' motion to strike (Dkt. No. 76) as unnecessary and inapt.

as the Court has previously articulated, are as follows:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Pierscieniak ex rel. Volt Tech. Services Sav. Plan, himself, all others similarly situated v. Volt Tech. Services Sav. Plan*, 2010 WL 2720753, slip op. at 4 (W.D. Wash. 2010) (quoting *Hummell*, 634 F.2d at 453). It seems self-evident (based on the prior ruling) that the factors support such an award here. (*See generally* Dkt. No. 60.) Nevertheless, should there be any question, and to ensure a complete record, the Court addresses them below. As they demonstrate, Defendants' argument is meritless.

      First, the Court previously said that the plan administrator's summary denial of Plaintiff's appeal was wholly unreasonable. (*See* Dkt. No. 60 at 4.) It evinced bad faith. Second, as a matter of public record, it seems that the plan sponsor can easily satisfy the fee award. *See* Eli Lilly and Co., Q3 2025 Quarterly Report (Form 10-Q) (Sept. 30, 2025). Third, a fee award punishes the plan administrator for its unreasonable denial here and deters such conduct in similar instances. Fourth, this case contained a significant legal issue, namely the import of conflicting plan documents and federal guidance regarding the COVID-19 pandemic. Fifth, Plaintiff argued that a simple remand would award the plan administrator for its unreasonable conduct. (*See* Dkt. No. 58 at 11.) So, while the Court remanded the matter for consideration based on a full record—something which had not yet happened—it also awarded fees. (*See* Dkt. No. 60 at 7–8.) Thus, Defendants' argument is meritless.

      Defendants next take issue with the reasonableness of the requested fees here. (*See* Dkt. No. 71 at 4–9.) On this they have a point. Plaintiff proposes $239,900 in fees and $7,026.73 in costs. (*See* Dkt. No. 68 at 2.) This is based on 267.2 hours spent by three experienced ERISA

attorneys, resulting in a blended[2] hourly rate of $897.83. This rate exceeds those typically allowed here for ERISA fee awards.[3] A blended rate of $500 is more consistent for such work here. *See, e.g.*, *Oksana B. v. Premera Blue Cross*, 2025 WL 2931170, slip op. at 1 (W.D. Wash. 2025); *Reynolds v. Life Ins. Co. of N.A.*, 2023 WL 8717164, slip op. at 4 (W.D. Wash. 2023).

To this rate, the Court applies those hours reasonably[4] incurred in support of this litigation (and nothing more). *See Cann v. Carpenters' Pension Tr. Fund for N. California*, 989 F.2d 313, 315 (9th Cir. 1993). Defendants point to the hours expended on the administrative appeal (before filing suit here) and that spent after the Court remanded the matter back to the plan administrator. (Dkt. No. 71 at 7–8) (citing *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 987 (9th Cir. 2001). *H.N. by and through Doe v. Regence Blueshield*, 2017 WL 2603587, slip op. at 2 (W.D. Wash. 2017)). They contend these hours cannot be subject to the instant award. (*See id.*) (citing *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 987 (9th Cir. 2001). *H.N. by and through Doe v. Regence Blueshield*, 2017 WL 2603587, slip op. at 2 (W.D.

---

[2] The Court finds it reasonable to apply a *blended* rate here (rather than the individual attorney's rate) because, while Mr. Kantor is undoubtedly the most experienced of the three, each possess sufficient experience to individually litigate this straightforward ERISA case. (*See* Dkt. Nos. 74-1, 74-2, 74-3.) Mr. Kantor's expertise was not necessarily needed. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (directing district courts to exclude "excessive, redundant, or otherwise unnecessary" amounts.).

[3] To determine a reasonable billing rate, the Court generally looks to "the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The presumptive reasonable hourly rate for an attorney is the rate the attorney charges. *Broyles v. Thurston County*, 195 P.3d 985, 1004 (Wash. Ct. App. 2008). The applicable geographic area for determining a reasonable hourly rate here is the Puget Sound region. *Id.* "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

[4] The court must calculate the lodestar figure: the number of hours *reasonably* expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Bowers v. Transamerica Title Ins. Co.*, 675 P.2d 193, 202 (Wash. 1983). The Court must then increase or reduce that figure based on several factors not subsumed in the lodestar calculation. *See Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016); *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Wash. 2017)). They are correct. Of the 267.2 total hours Plaintiff's counsel spent, (*see* Dkt. No. 68-1), 43.1 were incurred on matters outside of litigation here. (*See* Dkt. No. 71-2 at 3–6).[5] These hours must be excluded.

Thus, the total award is $112,050 in attorney fees and $7,026.73 in costs.[6]

It is so ORDERED this 13th day of January 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] This is comprised of the 51.6 hours Defendants identify as unrelated, less 8.5 travel hours included in this number, (*see* Dkt. No. 71-2 at 3), which are, in fact, related to the litigation. Defendants also ask the Court to reduce Plaintiff's counsel's hourly rate while travelling (in support of this litigation). (*See* Dkt. No. 71 at 8–9.) Because the Court already reduced counsel's rate to that commensurate with those commonly charged on ERISA cases in this District, it declines to further reduce that rate.

[6] Fees are the result of the 224.1 hours Plaintiff's counsel spent on this litigation (267.2 less the 43.1 spent on the administrative appeal but included in the requested amount) multiplied by a blended hourly rate of $500.

ORDER
C24-0461-JCC
PAGE - 4